STATE ex rel. CITY OF MACON, Missouri, a Municipal Corp. and City of the Third Class, Relator,

v.

Honorable Ronald M. BELT, Judge, Circuit Court of Macon County, Respondent.

No. 60199.

Supreme Court of Missouri, en banc.

Feb. 8, 1978.

Charles A. Powell, Jr., Macon, for relator.

Robert G. Smith, Brookfield, for respondent.

DONNELLY, Judge.

This is an original action in prohibition.

In 1974, relator, the City of Macon, awarded an exclusive contract for all waste collection services in the city to Wilson Refuse Hauling, Inc. The City of Macon also declared by ordinance that it shall be unlawful for any person to collect solid waste within the city "without a contract with, or permit from, the City."

On March 21, 1977, Mike Teeter, d/b/a Teeter Land Fill, filed a Separate Amended Petition in the Circuit Court of Macon County, alleging that he is in the business of collecting solid waste, that a permit had been refused him, and asking the Circuit Court to enjoin the city from enforcing the ordinance.

On May 11, 1977, respondent entered an order temporarily enjoining the city from enforcing the ordinance and scheduled a hearing on a permanent injunction for May 31, 1977.

On May 27, 1977, relator filed its Petition for Writ of Prohibition in this Court. On June 14, 1977, our preliminary rule in prohibition was ordered to issue.

The only assertion made by Teeter in this Court is that the exclusion of his business from relator city is unconstitutional as an unreasonable exercise of the police power.

In *Bellerive Inv. Co. v. Kansas City*, 321 Mo. 969, 981, 13 S.W.2d 628, 634 (1929), Division No. 1 of this Court said:

"It has been definitely and clearly established and settled, by the decisions of this court and of the federal Supreme Court, that a statute, or a municipal ordinance, which is fairly referable to the police power of the State or municipality, and which discloses upon its face, or which may be shown *aliunde*, to have been enacted for the protection, and in furtherance, of the peace, comfort, safety, health, morality, and general welfare of the inhabitants of the State or municipality, does not contravene or infringe the several sections of the state and federal Constitutions invoked by the appellants herein, and cannot be held invalid as wrongfully depriving the appellants of any right or privilege guaranteed by the Constitution, state or federal; the reason and basis underlying such decisions being that the personal and property rights of the individual are subservient and subordinate to the general welfare of society, and of the community at large, and that a statute or ordinance which is fairly referable to the police power has for its object the 'greatest good of the greatest number.'"

In *Valley Spring Hog Ranch Company v. Plagmann*, 282 Mo. 1, 11, 18, 220 S.W. 1, 4, 6 (1920), this Court en Banc upheld an ordinance empowering the City of Joplin to make an exclusive contract for the hauling and disposal of the city garbage and household refuse, found the ordinance to be a "fair exercise of the police power," and said:

"Of course every ordinance in the exercise of the police power must be reasonable, but * * * there is nothing in this Joplin ordinance which is unreasonable. The city had the right to contract with either one or more than one person to collect and dispose of its garbage. * *."

We believe *Valley Spring* controls our disposition of this case. We hold that the ordinance which gives Wilson Refuse Hauling, Inc., the exclusive privilege to collect and dispose of solid waste in the City of Macon is "fairly referable" to the comfort, health and general welfare of the inhabitants of the City of Macon and is a valid exercise of the police power.

The preliminary rule in prohibition is made absolute.

All concur.